is Couvillion against Speedway. Ms. Karras. Good morning, and may it please the court. I'm Catherine Karras for the plaintiff appellant, Monique Couvillion. The district court erred in granting summary judgment against the plaintiff and in favor of Speedway gas station because genuine issues of material fact exist as to whether the pallet in question was an open and obvious danger, and whether the placement of the pallet so close to the air pump hose was negligent, and whether the Speedway employees were negligent in failing to follow their own company standards. How could it not have been open and obvious when she testifies that she parks between the two pallets? So she's aimed her car between the two pallets, the one on the one side, I guess, and the one on the other side of the air pump. It's just hard for me to visualize in this daytime, so there's no visibility issue that I'm aware of. So how is it even possible this wasn't obvious to her? The testimony by the plaintiff was that she appreciated the fact that the pallet was there in general, but did not appreciate the fact that it was so close to her vehicle. I don't understand that. And that she testified that when she pulled in, she saw that the pallet was there, but did not appreciate the fact that it was so close to her vehicle, or that it would pose a hazard to her as she was maneuvering the air pump hose. And according to the- I just don't get it. I mean, she parks between the two pallets somehow. There's some testimony about that. She asked her to open the car door, get out, walk up to the air pump. So she could have been so close that she couldn't get the door open, because then she would have bumped into it when she was walking to the air pump. And I just don't know what this difference is that she's trying to suggest between being aware of it in general and being aware that it was that close. She's aware of it. She is aware of it. She is aware that it was there, but there is a material issue of fact as to whether that was so close that it created a danger that she has more comparative fault than the defendant, because there's a dispute of fact as to exactly where she parked, exactly where the pallet was, whether it would be in her way while she was using it. And the Mallard v. City of Columbus case says that to get the incurred risk defense, the testimony has- the evidence has to be without conflict, and where the sole inference to be drawn is that the plaintiff had actual knowledge of the specific risk. She had a general knowledge of its location, but not that it posed a specific risk to her that she would fall while using the air pump. And that she understood and appreciated the risk. Obviously, given the facts in this case, the plaintiff did not understand or appreciate the risk in this case. But there's nothing about what happened that was outside what you would expect if you saw a pallet sitting there. I mean, the risk is you might trip on it and fall. It's not like the pallet was coated with some toxic substance that she had no reason to believe was going to injure her skin or- I mean, there was nothing weird going on about the risk that this pallet posed. It was just sitting there out in the open, and unfortunately, I mean, of course, it's terrible when these accidents happen, but unfortunately, she trips on it and takes a particularly bad fall. She does. And she does not because she was walking near it, but because she was using the air pump hose. The pallet should not have been placed so close to the air pump hose, where the focus of the customers would be pumping their tires full of the air rather than just traversing around it. And this issue was addressed in the Smith versus Baxter case where summary judgment was denied, even though the entrant on a farming operation entrant knew that the rungs on the ladder were placed too close together and was aware of the risk. It was found that the landowner, the premises owner, had more knowledge, and summary judgment was denied in that case, as was in the Turner versus Countrymark case, where the truck driver was walking on a patch of ice and testified, admitted that he was aware of the ice and recognized the danger of walking on the ice, but that he traversed anyway. And summary judgment was denied in that case, and that case also went to trial, finding that the plaintiff was only 15% at fault. The finding was that the Countrymark premises owner should have anticipated the harm despite the invitee's knowledge of the danger or obvious condition, and that this was a factual issue for the jury on the weight and credibility. So this, even though it is something that the plaintiff appreciated and saw in general, not the specific risk of harm, this does not rise to the level of the incurred risk defense that the defendant. They're not making an incurred risk defense here, as I understand it. They're making an open and obvious argument. Right, that's a different concept, and the incurred risk idea is subsumed within the comparative negligence scheme that every state has. But their argument rings of incurred risk. They're saying this is open and obvious, and because it was open and obvious, essentially she did incur the risk, and that her comparative fault is greater than that of the defendant. But this case, this is not an open and obvious case. In fact, the- I don't know what would be, actually, if this is not an open and obvious case.  but it surely can't be not open and obvious. They are where they are. Essentially, the public policy argument in this case, if summary judgment is upheld, is that patrons, such as the plaintiff in this case, to avoid hazards created by the premises owner, is that she would have had to have just leave, leave the whole premises, and not use the air pump as intended because of the hazard created by the landowner, and that is not what the case law suggests that we do for these customers and these patrons. Suppose that Speedway had just blocked the air pump altogether. They'd had these deliveries of salt on pallets, and they piled it up right in front of the air pump. Well, then she wouldn't have filled, her tires were there at that service station. She would have gone someplace else. It doesn't mean that it wouldn't have been an obvious placement of the pallet, though. That would have prevented her from using it altogether, and it just shows these are issues of fact. They did not, in fact, do that. They placed it such that the patrons could get in there, but creating a risk of harm to them by placing the pallet so close together that it was difficult for patrons to traverse around there, and there are many different inferences that can be drawn by the jury in this case. Why did a plaintiff park the way she did? Was that the best way to park? What exactly did she see before her fall? What was occurring during her fall? Was the product placement reasonable? Did the employees follow their company guidelines in placing the product? I mean, specifically, the company guidelines say that they're supposed to place the merchandise to encourage impulse buying and be accessible to customers, but without interfering with customer traffic and without creating any other safety hazards, and in fact, the case law shows that this is really a factual issue, should be left for the jury, and I wanna point out one specific note in the Maurer versus Speedway case, cited by Speedway, was listed as a summary judgment case, that summary judgment was granted for the premises owner. In fact, that was not, summary judgment was not granted. That was a case that went to trial and it was on appeal on an issue on the motion to eliminate. So in sum, this is a case where it's very fact-sensitive and a general knowledge of a potential for mishap does not rise to the level of summary judgment, and there are many different inferences that can be drawn by the jury in this case. In this case, because it's so fact-sensitive, was not appropriate for disposal by summary judgment. I will reserve the rest of my time for my rebuttal. Thank you. That's fine. Mr. Davis. Good morning, and may it please the court, let me address first what this case does not involve. It does not involve a question of duty, as was covered in appellant's brief, that's clear. It doesn't involve speedways policies, as was just argued. The law is clear that a business owner is free to generate and promulgate rules, policies, and procedures, which don't add to or detract from the legal duty imposed upon them, in this case, under applicable Indiana law. As Jeff Sykes points out, this case doesn't involve incurred risk. Incurred risk is a defense which was never pled in this case. It's not an issue in this case. It was raised in appellant's brief, and I think we've put it to rest. And just to clarify, to the extent that the district court granted summary judgment based on the absence of duty, you're not defending that? No, I think that language went to a point which is not clear. Absolutely, positively, Speedway owed a duty to its customer in Victima's Cuvier. So, and lastly, this case doesn't involve the Indiana standard for the granting of summary judgment, as plaintiffs argued in their initial brief and cited cases from the Indiana courts as opposed to this court and other federal courts. The Indiana Supreme Court has made it crystal clear that it's a very different standard, which is why summary judgment is appropriate in this case. The question, as your honor pointed out, is how can one be aware of something generally and what does that mean? And it's not at all clear what that means. In her argument, the plaintiff said, I was aware that it was there generally, but I didn't understand the proximity and I didn't appreciate a risk and I thought I could do it, but the record says it's daylight. She's been to that store, she's pumped air, she's gotten out of the car, she's actually put air in her front driver's side tire. She is moving towards and presumably looking at. Right, the question is whether it was reasonably foreseeable to speedway that its patrons would misapprehend the danger of these pallets, requiring the company to move them or put cones up or put yellow paint, as in the Maurer decision, or otherwise mark the hazard or eliminate the hazard. And it seems to me there is a jury question on this record on that question. Speedway invites its patrons to use the air pumps and then puts these pallets with the salt and looking at the pictures on either side of the pump in such a way that they have to maneuver their car in at a dangerous angle to access the pump and the hose and then maneuver around the pallets. And so it seems to me there's a jury question about whether it was a breach of the duty to maintain a safe premises for the gas station not to anticipate that people would misapprehend the danger that that proximity of the pallets to the gas pump or to the air pump would present. I understand the argument. I understand your concern. Let me address it. The applicable Indiana law for premises liability has several findings that must be made in order to impose liability on the business owner. One is that the condition be unreasonably dangerous, that it be hazardous. The word hazard has been thrown around here this morning. That's one question. The one that brings us here today, and I think entitles Speedway to summary judgment, is that says that the business owner should expect that the customer will not discover or realize the danger or will fail to protect themselves. And I think we're on that second question. That's absolutely the issue. And the key is that it is an objective standard that governs, because if it's not, if it's not, then a statement of, I saw it. Indiana favors juries deciding that objective question, not judges. And there's different ways to view this evidence. There are ways to view this evidence, as is clear from the argument made by counsel. What I suggest is that given the undisputed facts and the permissible inferences, that as a matter of law, summary judgment was appropriately granted. But Indiana courts only, well, I don't know of the entirety of Indiana negligence law, but the negligence question itself, the question of breach of the duty, is usually reserved to the jury if the evidence can be interpreted in more than one way objectively. In other words, the courts intervene on summary judgment only on the duty question, and sometimes on proximate causation. But on the question of breach of the duty, and in this instance, again, it turns on 343 and 343A of the restatement. And that's whether the premises owner should have anticipated that its patrons would not apprehend the danger or would misapprehend the danger, and then had a duty to, had a responsibility to avoid a breach of duty by moving the pallets in this case or eliminating the danger. That seems to me a classic jury question in a negligence case. Well, I would be disingenuous if I didn't concede that Indiana courts generally send cases to the jury on negligence. Right, and an Indiana judge would have denied summary judgment in this case. Federal judges are more inclined to grant summary judgment in these cases, but not state judges. And I would say I am in a federal court with a different summary judgment standard, and that is what makes summary judgment appropriate in this case. But I understand your point completely. Thank you all very much. Thank you, counsel. Anything further, Ms. Karras? It is correct that the state and the federal summary judgment standard is different, and it was corrected in the reply brief when I took over. But all that is required is sufficient evidence supporting the claim factual dispute be shown to require a judge or jury to resolve the parties differing versions of the truth at trial. And we have shown that not only in this oral argument, but in our briefs. And the restatement provides that if the landowner knows of the condition and should have realized it involves an unreasonable risk of harm, that specifically in this case, and Speedway should have realized that the pallets where they were and the placement with regard to its closeness to the air pump hose would cause an unreasonable risk of danger and harm to the invitees. And that they would and should expect that invitees would fail to protect themselves, because that's exactly where they're going to park, and they're going to be paying attention to their vehicle and paying attention to putting the air in their tires. And that the Speedway fails to exercise the reasonable care to protect the invitees. And in this case, Speedway obviously did fail to exercise reasonable care, as shown by the fact that the pallets were there where they were, and that the testimony of the employees was that they didn't engage in any sort of evaluation or thought process as to where the pallets goes. Just the delivery driver show up, and they just put them over there. The Turner versus Caremark case was very clear that this is a jury issue. This should be decided by the jury. And the specific quote was, after all, the interpretation of the evidence with the necessary assessments of weight and credibility was properly left to the sound judgment of the jury. This is a factual issue. There are some disputes as to the factual issues regarding the placement of the pallets and what Ms. Cuvion saw before she fell. And the case law is clear that this case should go to the jury for the jury to determine. And plaintiff does not have to prove at this stage in the game that she would prevail at trial, just that there are factual disputes that should be left for the jury to decide. Thank you. All right, thank you very much. Thanks to both counsel. We'll take the case under advisement. Thank you.